IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cynthia Henderson, <br> 544 23rd Place NE <br> Washington, DC 20002 <br>        Plaintiff, <br><br> vs. <br><br> Equifax Information Services, LLC <br> c/o CSC Lawyers Incorporating Service Co. <br> 601 Abbot Road, East Lansing, MI 48823 <br><br> Trans Union, LLC, <br> c/o The Prentice-Hall Corporation System <br> 601 Abbot Road, East Lansing, MI 48823, <br><br> Capital One Auto Finance, Inc. <br> c/o Corporation Service Company <br> 211 E. 7th Street, Suite 620 <br> Austin, TX 78701 <br><br>        Defendants. | Case No.: <br><br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

NOW COMES the Plaintiff, Cynthia Henderson, by and through counsel, Kimm Massey, Esq. of Massey Law Group, and for her Complaint against the Defendants, pleads as follows:

**JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in Washington, D.C.

4. Venue is proper in the District of Columbia.

## PARTIES

5. Plaintiff is a natural person residing in Washington, D.C.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") which is a Georgia limited liability company that conducts business in Washington, D.C.;

   b. Trans Union, LLC ("Trans Union") which is a Delaware limited liability company that conducts business in Washington, D.C.; and

   c. Capital One Auto Finance, Inc. ("Capital One") which is a Texas corporation that conducts business in Washington, D.C.

## **GENERAL ALLEGATIONS**

7. Capital One is inaccurately reporting its trade line ("Errant Trade Line") with an erroneous scheduled monthly payment of $752.00 on Plaintiff's Equifax and Trans Union credit reports.

8. The Errant Trade Line should be reported by Capital One with a scheduled monthly payment of $0.

9. The account reflected by the Errant Trade Line is charged off and closed. Capital One accelerated the payment schedule and closed the account. Plaintiff no longer has an obligation to make monthly payments.

10. On August 7, 2018, Plaintiff obtained her Equifax and Trans Union disclosures and noticed the Errant Trade Line reporting inaccurately with an erroneous scheduled monthly payment in the amount of $752.00.

11. On or about September 14, 2018, Plaintiff submitted a letter to Equifax and Trans Union disputing the Errant Trade Line.

12. In her dispute letter, Plaintiff explained that the account reflected by the Errant Trade Line was charged off and closed and she no longer had an obligation to make monthly payments.

13. She asked Equifax and Trans Union to report the Errant Trade Line with a scheduled monthly payment of $0.

14. Equifax and Trans Union forwarded Plaintiff's consumer dispute to Capital One.

15. Plaintiff did not receive Equifax or Trans Union's investigation results. Therefore, on or about November 1, 2018, Plaintiff obtained her Equifax and Trans Union credit reports which showed that Equifax, Trans Union and Capital One failed or refused to report the Errant Trade Line with a scheduled monthly payment of $0.

16. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE**

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the scheduled monthly payment reported on the Errant Trade Line,

Capital One negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

19. Capital One negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax and Trans Union to report the scheduled monthly payment in the amount of $0 on the Errant Trade Line.

20. The Errant Trade Line is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax and Trans Union to which it is reporting such trade line.

21. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. Capital One is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Plaintiff has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Capital One for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE**

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax and Trans Union to report the scheduled monthly payment in the amount of $0 on the Errant Trade Line.

26. Capital One willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Capital One is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well

as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

31. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

32. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

33. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

34. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

35. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

38. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

39. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

40. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

41. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

42. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

43. Plaintiff realleges the above paragraphs as if recited verbatim.

44. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

45. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

46. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

47. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

48. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

49. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

50. Plaintiff realleges the above paragraphs as if recited verbatim.

51. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

52. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

53. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

54. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

55. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

56. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: January 8, 2019

By: /s/ Kimm Massey_____
Kimm Massey (Bar No. 442710)
Massey Law Group
16701 Melford Blvd., Suite 400
Bowie, Maryland 20715
(301) 982-4529 (Phone)
(301) 982-4530 (Fax)
masseylawgroup@gmail.com
*Attorney for Plaintiff, Cynthia Henderson*